**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MATTHEW VAUGHN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:26-cv-02719-BCL-tmp** |
| | ) | |
| **AMAZON.COM SERVICES, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO STAY CONSIDERATION OF DEFENDANT'S MOTION TO DISMISS**

Before the court is Plaintiff Matthew Vaughn's "Notice of Active Mediation and Status Update," which the court construes as a motion to stay consideration of defendant Amazon.com Services, Inc.'s ("Amazon") Partial Motion to Dismiss.[1] On June 22, 2026, Vaughn filed a complaint against Amazon, alleging causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (ECF No. 1 at PageID 1-2.) He later filed an amended complaint bringing the same causes of action. (ECF No. 8.) In response, Amazon filed a Partial Motion to Dismiss for Failure to State a Claim, arguing that:

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the undersigned United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

> The Court should dismiss Plaintiff's claims for race-based retaliation (First Cause of Action), race discrimination (Second Cause of Action), and race-based hostile work environment (Fourth Cause of Action) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") because Plaintiff failed to exhaust his requisite administrative remedies for such claims and Plaintiff is time-barred from amending the Charge of Discrimination he filed with the Equal Employment Opportunity Commission to assert race-based Title VII claims.

(ECF No. 14 at PageID 63.) Vaughn responded in opposition and Amazon replied. (ECF Nos. 19 & 20.) The court subsequently entered a scheduling order, which included referring the case for alternative dispute resolution ("ADR") by November 24, 2026. (ECF No. 23.) Vaughn then filed the instant motion to stay, asking the court to temporarily hold the pending Partial Motion to Dismiss in abeyance until after the parties complete ADR.

"[A] district court has broad discretion to manage its docket." Am. Civ. Liberties Union of Ky. v. McCreary Cnty., 607 F.3d 439, 451 (6th Cir. 2010). Although the court recognizes the potential judicial economy benefits of holding the motion to dismiss in abeyance pending the outcome for ADR, the court must also ensure "the just, speedy, and inexpensive determination of every action and proceeding," which outweighs the potential benefits of a stay. Therefore, Vaughn's motion to stay is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

September 11, 2026

Date